**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **BERKLEY NATIONAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE: 23-CV-00003-DC-DF** |
| | § | |
| **JUAN CARLOS ORTA-GONZALEZ,** | § | |
| **FRANCISCO ALBERT FERRER,** | § | |
| *Defendants*. | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Francisco Albert Ferrer's ("Defendant Ferrer") Motion to Dismiss for Insufficient Process and Service; for Lack of Subject Matter Jurisdiction; for Failure to State a Claim; and for Failure to Join a Required Party ("Motion to Dismiss"). (Doc. 15). This case was referred to the Magistrate Judge for a Report and Recommendation by Order of Referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules. After carefully considering the filings and applicable law, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. (Doc. 15).

## I. BACKGROUND

This case arises from an automobile accident on November 19, 2022, near Pecos, Texas. (Doc. 5 at 3). Defendant Juan Carlos Orta-Gonzalez ("Defendant Orta-Gonzalez"), an employee of WS Energy Services, LLC ("WS Energy"), was part of a multi-vehicle accident resulting in the deaths of Defendant Ferrer's wife and his wife's two children. (Docs. 5 at 4; 15 at 2). When the accident occurred, Defendant Orta-Gonzalez was driving a WS Energy owned 2020 Toyota

Tacoma ("work vehicle"). (Doc. 5 at 4). Plaintiff Berkley National Insurance Company ("Plaintiff") insured the work vehicle under Commercial Lines policy number ECA 3128671-16 ("Insurance Policy"), issued to WS Energy. (Doc. 5 at 1). WS Energy was the named insured under the Insurance Policy. *Id.*

Plaintiff filed its Original Complaint in this Court on January 6, 2023, against Defendant Orta-Gonzalez. (Doc. 1 at 1). On January 10, 2023, Defendant Ferrer filed suit against Defendant Orta-Gonzalez and WS Energy in the 430th Judicial Court of Hidalgo County, Texas, bringing negligence claims against Defendant Orta-Gonzalez and a vicarious liability claim against WS Energy ("Underlying Action"). (Docs. 5 at 6; 15 at 10). More than a month later, on March 13, 2023, Plaintiff filed its First Amended Complaint ("Amended Complaint"), the active pleading, adding Defendant Ferrer as a party to the action. (Doc. 5 at 1). Plaintiff seeks a declaratory judgment on its duty to defend or indemnify Defendant Orta-Gonzalez under the Insurance Policy issued to WS Energy ("Declaratory Action"). (Doc. 5 at 1).

On May 30, 2023, Defendant Ferrer filed this Motion to Dismiss in large part contending that Plaintiff purposefully failed to join an indispensable party, WS Energy, to the Declaratory Action, and contesting the ripeness of Plaintiff's duty to indemnify. (Doc. 15 at 7–8). Plaintiff responded to Ferrer's Motion to Dismiss on June 13, 2023. (Doc. 19). The matter is thus ripe for disposition.

## II. DISCUSSION

Plaintiff seeks a declaratory judgment relieving Plaintiff of any duty to defend or indemnify Defendant Orta-Gonzalez in the Underlying Action. (Docs. 5 at 7; 19 at 13). Plaintiff contends the Declaratory Action reaches only whether Defendant Orta-Gonzalez was a

permissive user of the work vehicle under the Insurance Policy, and therefore does not reach the question of Defendant Orta-Gonzalez's liability in the underlying lawsuit. (Doc. 19 at 14).

In the Motion to Dismiss, Defendant Ferrer raises multiple claims: (1) Plaintiff failed to properly serve process to Defendant Ferrer; (2) Plaintiff failed to bear its burden in establishing the Court's subject matter jurisdiction; (3) Plaintiff failed to state a claim ripe for adjudication on the merits; (4) Plaintiff failed to state a claim against Defendant Ferrer; and (5) Plaintiff failed to join WS Energy, an allegedly required party. (Doc. 15). While the Court gives due consideration to all of Defendant Ferrer's claims, at the heart of Defendant Ferrer's Motion to Dismiss is the question of whether WS Energy constitutes a required party, and whether this Court has subject matter jurisdiction over the Declaratory Action.

For the reasons explained below, the Court finds WS Energy not a required party to the Declaratory Action but finds the issue of whether Plaintiff has a duty to indemnify unripe. Thus, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss be **DENIED IN PART AND GRANTED IN PART**. (Doc. 15).

## A. Defendant's Claim for Insufficient Process and Insufficient Service Should Be Denied

### a. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) and Rule 12(b)(5) turns on the legal sufficiency of the form of process and the service of process. *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 (5th Cir. 2008); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The serving party carries the burden of showing service was proper if challenged. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal District Courts lack personal jurisdiction over a defendant unless served with proper service of process or waiver of that service. *Dennis v. Eryngo Hills Apts.*, No.

22-CV-00682, 2023 WL 3855066, at *1.

Under Rule 4, there are two steps to complete service of process. *Melendez v. Arnold*, No. 1:21-cv-622, 2023 WL 3794528, at * 2 (W.D. Tex. May 3, 2023). "First, a plaintiff must present a summons to the clerk for signature and seal; the clerk 'must sign, seal, and issue it to the plaintiff for service on the defendant.'" *Id.* (citing FED. R. CIV. P. 4(b)). Second, the plaintiff must serve the summons and complaint "within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." *Id.*; FED. R. CIV. P. 4(c)(1).

Under Rule 4(m), if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, the Court may dismiss the action without prejudice or, on plaintiff's showing of good cause, extend time for service. *Johnson v. Wormuth*, No. 1:21-CV-00831, 2022 WL 2873479, at *3 (W.D. Tex. July 21, 2022). If good cause does not exist, the court may decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### b.  Analysis

First, Defendant Ferrer's Motion to Dismiss alleges insufficient process under Rule 12(b)(4) because of an incorrect address on the initial summons. (Doc. 15 at 2). A Rule 12(b)(4) motion challenges a plaintiff's failure to comply with Rule 4(b), which governs the form of process. *Velasquez v. Singh*, No. 16-CV-00063, 2017 WL 10181040, at *1 (W.D. Tex. Sept. 25, 2017). Rule 4(b) states: "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." FED. R. CIV. P. 4(b). A properly completed summons must "be directed to the defendant." *Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.*, No. 19-CV-00136, 2019 WL 5927591, at *2 (W.D. Tex. Nov. 12, 2019) (citing FED. R. CIV. P. 4(a)(1)), *R. & R. adopted*, No. 19-CV-0136, 2020 WL 10056148 (W.D. Tex. Mar. 27,

2020). An incorrect address does not direct the summons to the defendant, and therefore results in an improper summons. *See Velasquez*, 2017 WL 10181040, at *2.

The initial summons incorrectly listed the address of Defendant Ferrer's mother rather than Defendant Ferrer. (Docs. 8 at 3; 19 at 3). Learning of the mistake, Plaintiff updated the summons to reflect Defendant Ferrer's correct address. (Doc. 19 at 3). Plaintiff's inclusion of the correct address on the summons properly directed the summons to Defendant Ferrer in accordance with Rules 4(a)(1) and 4(b). The corrected summons was therefore sufficient.

Second, Defendant Ferrer's Motion to Dismiss alleges insufficiency in the service of process, under Rule 12(b)(5), specifying that Defendant Ferrer "did not timely or appropriately receive the complaint." (Doc. 15 at 3); FED. R. CIV. P. 12(b)(5). To defeat a 12(b)(5) motion, the burden falls on the plaintiff to demonstrate the defendant was served in accordance with Rule 4(m). *See Valesquez*, 2017 WL 10181040, at *2. Under Rule 4(m): "If a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Plaintiff filed an amended complaint naming Defendant Ferrer as a party to the action on March 13, 2023. (Doc. 5). Under Rule 4(m), Plaintiff was required to execute summons on Defendant no later than June 12, 2023. Plaintiff first attempted to serve Defendant Ferrer at an incorrect address on March 29, 2023. (Docs. 15-2 at 2; 19 at 3). After obtaining the correct address, Plaintiff "attempted to serve [Defendant] Ferrer five times," using both a service processer and certified mail. (Doc. 19 at 3). With Defendant Ferrer seemingly evading Plaintiff's attempts to serve process, Plaintiff engaged the local Texas constable to effectuate service on June 12, 2023. *Id.*; (Doc. 19-5 at 2–3). Accordingly, Defendant Ferrer was served 90 days after

5

the Amended Complaint was filed, and therefore service of process was proper.

Therefore, the Court **RECOMMENDS** Defendant Ferrer's Motion to Dismiss be **DENIED** as to the claims for Insufficient Process and Insufficient Service of Process.

### B. Defendant's Claim for Failure to Join an Indispensable Party Should Be Denied

#### a. Legal Standard

Rule 12(b)(7) provides for dismissal of an action for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 "provides for the joinder of all parties whose presence is required for the fair and complete resolution of the dispute at issue." *Broad. Music, Inc. v. Armstrong*, No. 13-CV-0032, 2013 WL 3874082, at *6 (W.D. Tex. July 24, 2013). To decide a Rule 19 challenge, the court applies a two-step inquiry. *Id.* (quoting *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)). "First, the court determines whether an absent party should be joined to the lawsuit under Rule 19(a)." *Id.* "The party advocating joinder has the initial burden of demonstrating that an absent party is required." *Id.* Second, "[i]f the court determines that an absent party is required under Rule 19(a) but cannot be joined, the court turns to Rule 19(b) to determine that 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Id.* (quoting FED. R. CIV. P. 19(b)). As with a Rule 12(b)(6) motion, "the court accepts the allegations in the complaint as true." *Id.*

#### b. Analysis

Under Rule 12(b)(7), Defendant Ferrer moves to dismiss this action for failure to join WS Energy, the named insured under the Insurance Policy and employer of Defendant Orta-Gonzalez. (Doc. 15 at 10). Defendant Ferrer contends: (1) to proceed without WS Energy "would impair or impede the absent party's right and ability to protect its interest in the suit;" (2) resolution of whether Defendant Orta-Gonzalez was a permissive user of the work vehicle under

6

the Insurance Policy also addresses whether Defendant Orta-Gonzalez was in the course and scope of his employment; and (3) joinder of WS Energy would destroy this Court's subject matter jurisdiction. (Doc. 15 at 10–11). Plaintiff counters that the Declaratory Action seeks only to resolve "the question of whether Defendant Orta-Gonzalez qualifies as an insured under the [Insurance] Policy," and therefore, "WS Energy is not a necessary or indispensable party." (Doc. 19 at 9).

As this Court sits in diversity, Rule 19 governs the required joinder of parties. *Provident Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968). That said, the Court may look to state law to determine the parties' interests. *Id.* As described above, Rule 19 requires a two-step inquiry. *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). First, the Court must determine the necessity[1] of the party to the litigation. FED. R. CIV. P. 19(a). Should the Court find the party necessary, the Court must determine whether joinder will deprive the Court of subject matter jurisdiction. *Id*. If joinder of the required party will destroy subject matter jurisdiction, then the Court reaches step two of the inquiry: determining "whether [the necessary party] is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629 (citing *HS Res., Inc v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003)); FED. R. CIV. P. 19(b). Thus, the Court may not dismiss a case for merely failing to include a required party under Rule 19(a); the absent party must also destroy subject matter jurisdiction and be indispensable to the pending litigation under Rule 19(b). *Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1005 (11th Cir. 2019) (citing *Patterson*, 390 U.S. at 125 n.22).

WS Energy is not a required party to the litigation under Rule 19(a), and therefore the

---

1. Although Rule 19 uses the term "required party," the Supreme Court held that "'necessary party' is a term of art whose meaning parallels Rule 19(a)'s requirements. *Orff v. United States*, 545 U.S. 596, 602–03 (2005). Thus, the Court uses the terms "required party" and "necessary party" interchangeably.

Court does not reach step two under Rule 19(b). Plaintiff's Declaratory Action asks the Court only to determine whether Defendant Orta-Gonzalez was a permissive user of the work vehicle at the time of the accident. (Docs. 5 at 2;19 at 4). Plaintiff does not dispute coverage of named insured, WS Energy. (Doc. 19 at 6). Since the Declaratory Action seeks only a judgment regarding Plaintiff's duties to Defendant Orta-Gonzalez, the absence of WS Energy does not prevent the Court from providing relief. *See Evanston Ins. Co. v. Kinsale Ins. Co.,* No. 7:17-CV-327, 2018 WL 4103031, at *7 (S.D. Tex. July 12, 2018).

Further, Defendant Ferrer does not meet his burden in demonstrating that disposition of this action would impair or imped Plaintiff's interest. Defendant contends failure to join WS Energy impairs or impedes WS Energy's interest "by virtue of a vicarious liability finding and course and scope of employment finding, subjecting parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." (Doc. 15 at 10). As mentioned above, however, the Declaratory Action only reaches Plaintiff's duties to Defendant Orta-Gonzalez under the Insurance Policy. Regardless of whether the Court determines Plaintiff does or does not have a duty to defend or indemnify Defendant Orta-Gonzalez, such a finding does not determine Plaintiff's duties to WS Energy in the Underlying Action. *See Evanston*, 2018 WL 4103031, at *8 (finding insured's interest protected without joinder when insurer would still provide insured's defense). Moreover, even if the Declaratory Action and the Underlying Action are substantially similar, "the Supreme Court has already held that concurrent 'separate litigations' with 'overlap[ping]' claims is not enough to satisfy Rule 19(a)." *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 815 (5th Cir. 2016); *see also Old Republic Ins. Co. v. Admiral Ins. Co.*, No. 15-3597, 2016 WL 10788990, at *3 (S.D. Tex. Aug. 8, 2016) ("There is no automatic requirement that all named insureds on an insurance policy be joined to a declaratory judgment

action to construe that policy.").

The Court thus does not find WS Energy a required party under Rule 19(a). Therefore, the Court **RECOMMENDS** Defendant Ferrer's Motion to Dismiss be **DENIED** as to the failure to join an indispensable party.

### C.  Defendant's Claim for Lack of Subject Matter Jurisdiction Should Be Denied

#### a.  Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  In ruling on a Rule 12(b)(1) motion, the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

"A defendant may challenge ripeness through a Rule 12(b)(1) motion, arguing that the lack of ripeness divests the court of subject matter jurisdiction." *Max Specialty Ins. Co. v. Heydarian*, No. 10-CV-319, 2011 WL 13235042, at *2 (W.D. Tex. Jan. 23, 2011) (citing FED. R. CIV. P. 12(b)(1)). The plaintiff, as the party asserting jurisdiction, bears the burden of proof that jurisdiction does exist. *Macias v. Dep't of Fam. Servs.*, No. 22-cv-01292-LY-SH, 2023 WL 3010198, at *3–4 (W.D. Tex. Apr. 19, 2023) (citing *Ramming v. United States*, 281 F.3d 158,

161 (5th Cir. 2001)). Dismissal of a case for lack of subject matter jurisdiction does not constitute "a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court" with proper jurisdiction. *Id.* at \*4 (quoting *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020)). A court, therefore, dismisses a case under Rule 12(b)(1) without prejudice. *Id.*

> **b.  Analysis**

As for Defendant Ferrer's challenge under 12(b)(1) for lack of subject matter jurisdiction, Defendant Ferrer contends: (1) the Court has neither federal question nor diversity jurisdiction and (2) the claim is not ripe for adjudication. (Doc. 15 at 4–8). In both the Amended Complaint and Response Brief, Plaintiff asserts subject matter jurisdiction only in diversity. (Docs. 5 at 3; 19 at 7–10). Plaintiff also asserts that Texas law finds a declaratory judgment denying a duty to defend or indemnify ripe and justiciable (Doc. 19 at 10–14).

> **i.      Subject Matter Jurisdiction**

Before turning to the question of diversity jurisdiction, the Court agrees with Defendant Ferrer that no federal question jurisdiction exists here. "A claim under the Declaratory Judgment Act is insufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). In any event, Plaintiff asserted only diversity jurisdiction in its Amended Complaint and concurred in its Response Motion that federal question jurisdiction does not exist. (Docs. 5 at 3; 19 at 7–10). The Court now turns to the question of whether this Court has diversity jurisdiction.

In the Motion to Dismiss, Defendant Ferrer alleges an absence of complete diversity because "an indispensable party to this litigation, and the only link between the plaintiffs and defendants—WS Energy—was not named." (Doc. 15 at 7). In failing to join WS Energy,

Defendant Ferrer argues that Plaintiff "improperly created jurisdiction by omission." (*Id.*). The Court does not find WS Energy a required party to the Declaratory Action, as detailed above. Therefore, Plaintiff's failure to join WS Energy does not defeat diversity jurisdiction. Plaintiff also met its burden in establishing complete diversity in that Plaintiff's principal place of business and state of incorporation is Iowa, and Defendant Orta-Gonzalez and Defendant Ferrer both reside in Texas. (Docs. 5 at 2; 19 at 8). Accordingly, the Court **RECOMMENDS** Defendant Ferrer's Motion to Dismiss be **DENIED** as to the claims for lack of federal question and diversity jurisdiction.

### D. Defendant's Claim that the Declaratory Judgment Lacks Ripeness Should Be Denied in Part and Granted in Part

#### a. Legal Standard

In deciding whether to dismiss a declaratory judgment suit, "[a] federal district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). A declaratory judgment action is ripe and therefore justiciable if there is an "actual controversy" between the parties. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *see also* 28 U.S.C. § 2201(a) (limiting the power to issue a declaratory judgment to "a case of actual controversy within [a court's] jurisdiction"). A court lacks the authority to grant declaratory relief if: (1) the defendant in the declaratory judgment action filed an action in state court against the plaintiff in the declaratory judgment action; (2) the state case involves the same issues as the federal declaratory judgment action, and (3) the court cannot enjoin the state proceedings due to the Anti-Injunction Act. *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) (citing *Travelers Ins. Co. v. La.*

*Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). In deciding whether to exercise discretion to decide or dismiss a declaratory judgment action, courts in the Fifth Circuit consider seven nonexclusive factors set out in *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585 (5th Cir. 1994). *See Sherwin-Williams Co.*, 343 F.3d at 388; *see also Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015).

### b. Analysis

As described above, a court considering dismissal of a declaratory judgment "must engage in a three-step inquiry." *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 162 (5th Cir. 2015) (quoting *Orix Credit All., Inc v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). The court must determine: (1) the justiciability of the declaratory judgment; (2) the court's authority to grant declaratory relief; and (3) the court's discretion to dismiss the action. *Id.* at 162 (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003)). The Court addresses each part of the inquiry in turn below.

### i. Justiciability

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit All.*, 212 F.3d at 896 (5th Cir. 2000). Courts routinely find actions for declaratory judgments deciding whether an insurer must defend and indemnify its insured justiciable. *Canal Ins. Co. v. XMEX Transp., LLC*, 1 F. Supp. 3d 516, 523 (W.D. Tex. 2014); *Falls Lake Nat'l Ins. Co. v. Rodriguez*, No. 18-cv-66, 2018 WL 9877954, at *3 (W.D. Tex. Aug. 4, 2018). Defendant Ferrer argues, however, that the question of Plaintiff's duty to indemnify is unripe. (Doc. 15 at 8).

As this Court sits in diversity, Texas state law governs the duty to defend and the duty to indemnify.

> Under Texas law, an insurer may have two responsibilities relating to coverage—the duty to defend and the duty to indemnify. These two duties are distinct, and the duty to defend is generally broader than the duty to indemnify. This is because '[a]n insurer must defend its insured if a plaintiff's factual allegations *potentially* support a covered claim, while the facts *actually established* in the underlying suit determine whether the insurer must indemnify its insured.

*Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 528 (5th Cir. 2023) (internal citations omitted). As a result, to determine an insurer's duty to defend, a court must look to the factual allegations in the latest amended pleading. *Northfield Ins. Co.*, 363 F.3d at 528. To determine an insurer's duty to indemnify, a court must look to the established facts in the underlying cause of action. *Id.* at 528–29.

### 1.  Duty to Defend

Under well-established Texas law, a court uses the "eight corners rule" to determine an insurer's duty to defend. *State Farms Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020). The eight corners rule requires the court to look at the "four corners" of the plaintiff's complaint and the "four corners" of the insurance policy. *Id.* A duty to defend arises if the underlying pleading alleges facts that potentially fall within the scope of coverage. *Id.* (citing *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009)); *Northfiled Ins. Co. v. Loving Home Care*, 363 F.3d 532, 538 (5th Cir. 2004). A declaratory judgment action to determine whether an insurer has a duty to defend is justiciable before the conclusion of the underlying state action. *See, e.g.*, *Ooida*, 579 F.3d at 473 (finding resolution of the underlying action required for a duty to indemnify but not a duty to defend); *Northfield*, 363 F.3d at 528–29 (contrasting the justiciability of the duty to defend with the duty to indemnify). Accordingly, the Court finds whether Plaintiff has a duty to defend Defendant Orta-Gonzalez ripe for adjudication.

### 2.  Duty to Indemnify

Texas law, generally, considers a question on the duty to indemnify justiciable only after

the underlying lawsuit. *Id.* at 529 (citing *Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). The Supreme Court of Texas created an exception to this rule in *Griffin*, holding "the duty to indemnify is justiciable before the insured's liability is determined in the [underlying] lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Griffin*, 955 S.W.2d at 84. Liberal extensions of the *Griffin* exception spurred the Supreme Court of Texas to clarify that "an insurer may have a duty to indemnify even though the duty to defend never arises." *Liberty Mut. Fire Ins.*, 75 4th at 536 (citing *Peachtree*, 647 F.3d at 254). As the *Griffin* rule now stands, "a lack of a duty to indemnify cannot be inferred from a lack of duty to defend, unless the reasons that negate the duty to defend negate *any possibility* the insurer will ever have a duty to indemnify." *Princeton Excess & Surplus Lines Ins. Co. v. A.H.D. Hous., Inc.*, 84 F.4th 274, 282, 286 (5th Cir. 2023) (citing *Liberty Mut. Fire Ins.*, 75 4th at 535–36) (emphasis added).

Directing the Court's attention to the *Griffin* exception, Plaintiff contends that "[b]ecause Berkley National seeks a declaratory judgment [implicating] both its obligation to indemnify [Defendant] Orta-Gonzalez ***and*** its duty to defend [Defendant] Orta-Gonzalez, the claims are plainly ripe under longstanding Texas law." (Doc. 19 at 12). Plaintiff asks the Court to find Defendant Orta-Gonzalez did not qualify as an "insured" under the Insurance Policy because Defendant Orta-Gonzalez violated WS Energy's employment policies in using his work vehicle while intoxicated for personal use. (Doc. 5 at 5, 7). If established as true, Plaintiff contends, it has no duty to defend nor indemnify Defendant Orta-Gonzalez. (Doc. 5 at 7). Thus, Plaintiff frames its contentions as issues of "coverage" rather than issues of "liability." (Docs. 5 at 7; 19 at 14).

The Court finds the *Griffin* exception does not apply. The Supreme Court of Texas

explained:

> [*Griffin*'s] conclusion was grounded on the *impossibility* that the drive-by shooting…could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy. It was not based on the rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition.

*Liberty Mut. Fire Ins.*, 75 4th at 536–37 (quoting *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744–45 (Tex. 2009)) (emphasis added). Here, Plaintiff alleges no duty to defend nor duty to indemnify because of Defendant Orta-Gonzalez's non-permissive use of the work vehicle. (Docs. 5 at 3–5). While non-permissive use of the vehicle may negate the duty to defend, "evidence arising from or related to the Underlying [Action] may reveal" Plaintiff permissibly used the vehicle. *Liberty Mut. Fire Ins.*, 75 F.4th at 536. The Court does not find it *impossible* Plaintiff will have a duty to indemnify Defendant Orta-Gonzalez. *Id.* at 537.[2] As a result, the Court finds the duty to indemnify nonjusticiable under the "limited circumstances" provided in *Griffin*. *See State Farm Mut. Auto. Ins. Co. v. Watkins*, No. A-15-CA-143, 2015 WL 2364178, at \*4 (W.D. Tex. May 14, 2015) (acknowledging on a motion to dismiss that the court could accept jurisdiction under *Griffin* but declining to do so).

Accordingly, the Court **RECOMMENDS** Defendant Ferrer's Motion to Dismiss be **GRANTED** as to the claim for lack of ripeness of the duty to indemnify.

### ii.   Authority to Grant Relief

The Court turns to the second *Orix* factor considering only Plaintiff's duty to defend Defendant Orta-Gonzalez. Under the second *Orix* factor, the Court must determine whether it has the authority to grant declaratory relief. *Falls Lake*, 2018 WL 9877954, at \*3. If three

---

2. Plaintiff attached the Insurance Policy, the Crash Report, and WS Energy's employment policies for the Court to review. (Doc. 5). Plaintiff asks the Court to consider Defendant Orta-Gonzalez's "multiple personal stops" in determining he was not a permissive user of the vehicle at the time of the accident. (Doc. 5 at 4). This is an issue of fact best determined in the Underlying Action.

conditions are met, the Court lacks authority to grant relief: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court;" and (3) the Anti-Injunction act prohibits the district court from enjoining state court proceedings. *Canal*, 1 F. Supp. 3d at 523 (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003)). The Anti-Injunction act does not apply in the absence of a state court proceeding pending between the plaintiff and the declaratory judgment defendants. *Id.* In this case, Plaintiff is not a party to the Underlying Action. Likewise, no pending state court action between Plaintiff and any of the declaratory judgment defendants exists. Thus, the three conditions are not met, and the Court therefore has authority to grant relief.

### iii.    Discretion to Dismiss the Action

Finding the first two *Orix* factors satisfied as to Plaintiff's duty to defend, the Court now turns to whether it should exercise its discretion under the Declaratory Judgment Act. *Id.* The Fifth Circuit, in *St. Paul Ins. Co. v. Trejo*, created "seven nonexclusive factors" for district courts to consider when determining whether to dismiss a declaratory judgment:

1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated
2) Whether the plaintiff filed suit in anticipation of the lawsuit filed by the defendant
3) Whether the plaintiff engaged in forum shopping in bringing the suit
4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists
5) Whether the federal court is a convenient forum for the parties and witnesses
6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy
7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court whom the parallel state suit being the same parties is pending

*Id.* (*citing St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994)). Plaintiff and Defendant Ferrer also direct the Court to consider the *Brillhart* factors. (Docs. 15 at 5; 19 at 13). The Fifth

16

Circuit clarified in *Sherwin-Williams* that the *Trejo* test embodies the three overarching principles expressed in the *Brillhart* factors: federalism, fairness, and efficiency. *Canal*, 1 F. Supp. 3d at 525 (citing *Sherwin-Williams*, 343 F.3d at 390–91). "Thus, the Court must apply the *Trejo* factors and analyze them 'in light of the overarching *Brillhart* principles' to determine whether to dismiss the case." *Id.* (citing *Sherwin-Williams*, 343 F.3d at 401). The Court now considers each of the *Trejo* factors with consideration of the *Brillhart* principles.

### 1.  Is There a Pending State Action in Which All of The Matters in Controversy May Be Fully Litigated?

The Court finds the first *Trejo* factor weighs against dismissal. This factor requires a threshold inquiry into whether the Underlying Action and the Declaratory Action are "parallel." *Canal*, 1 F. Supp. 3d at 526 (*citing Sherwin-Williams*, 343 F.3d at 392–94). The Underlying Action and the Declaratory Action are parallel when "they involve the same parties and the same issues." *Falls Lake*, 2018 WL 9877954, at *6 (citing *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997)).

In this case, the Underlying Action and the Declaratory Action are not parallel as neither involve the same parties. Anticipating the Court's response, Defendant Ferrer argues Plaintiff's absence in the Underlying Action "inconsequential." (Doc. 15 at 5). The Court disagrees. "Courts routinely apply [the same party] rule in insurance coverage disputes like [this] Case to find that proceedings are not parallel when the federal declaratory plaintiff is not a party to the state litigation." *Canal*, 1. F. Supp. 3d at 526 (providing string cite). Moreover, even if the Court accepted Defendant Ferrer's argument, the issues in the Underlying Action and the Declaratory Action are not parallel. The Declaratory Action seeks to determine Plaintiff's duties under the Insurance Policy—a matter not before the state court. *See id.* at 527; *see also State Farms Lloyds v. Weatherford Compounding Pharmacy, LLC*, No.17-CA-638, 2017 WL 8896192, at *4–5

(W.D. Tex. Nov. 28, 2017), *R. & R. accepted*, No. 17-CA-638, 2018 WL 1905115 (W.D. Tex. Feb. 15, 2018) (holding a district court's determination of a duty to defend not before the state court due to the eight corners rule). Given the importance of the presence or absence of parallelism, the Court finds *Trejo* factor one supports retaining jurisdiction. *See State Farm Lloyds*, 2017 WL 8896192, at *4.

### 2. Did the Plaintiff File Suit in Anticipation of the Lawsuit Filed by the Defendant?

The Court finds the second *Trejo* factor weighs against dismissal. Under the second *Trejo* factor, courts look to whether the plaintiff filed the declaratory judgment action anticipating the defendant to sue. *Id.* at *6; *Falls Lake*, 2018 WL 9877954, at *7. Courts often consider whether the filing of the underlying action predated the filing of the declaratory judgment. *See Falls Lake*, 2018 WL 9877954, at *7; *State Farm Lloyds*, 2017 WL 8896192, at *5.

Plaintiff filed the Declaratory Action on January 6, 2023, but did not join Defendant Ferrer as a party. (Doc. 19 at 12). Defendant Ferrer then filed the Underlying Action on January 19, 2023. (*Id.*). Once aware of the Underlying Action, Plaintiff filed its Amended Complaint on March 13, 2023, joining Defendant Ferrer as a party to the Declaratory Action. (Doc. 5 at 1). Thus, more than a month passed between the filing of the Underlying Action and Plaintiff's Amended Complaint, joining Defendant Ferrer. Defendant Ferrer even concedes in his Motion to Dismiss that the Declaratory Action was "filed after the state court lawsuit." (Doc. 15 at 6). Moreover, neither Defendant in this suit has sued Plaintiff. *See State Farm Lloyds*, 2017 WL 8896192, at *5 (finding no suit against plaintiff to weigh against dismissal).

Supposing the Declaratory Action predated the Underlying Action, the Fifth Circuit cautioned against literal interpretation of "'anticipatory' litigation." *Canal*, 1 F. Supp. 3d at 527.

Federal declaratory judgment suits are routinely filed in anticipation of other

litigation. The courts use pejorative terms such as "forum shopping" or "procedural fencing" to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not itself improper anticipatory litigation or otherwise abusive "forum shopping."

*Id.* (citing *Sherwin-Williams*, 343 F.3d at 391). Considering the Fifth Circuit's advisement and Plaintiff's filing of the Amended Complaint more than a month after Defendant Ferrer filed the Underlying Action, the Court finds the second *Trejo* factor to support retaining jurisdiction.

### 3.   Did the Plaintiff Engaged in Forum Shopping in Bring the Suit?

The Court finds the third *Trejo* factor weighs against dismissal. Defendant Ferrer argues that Plaintiff attempts to "recast" the issue of whether Defendant Orta-Gonzalez was operating in the course and scope of his employment as an issue of coverage in the Declaratory Action, and therefore encourages forum shopping. (Doc. 15 at 5 n.1). The Court disagrees with Defendant Ferrer for three reasons. First, as described above, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, … is not itself …abusive 'forum shopping.'" *Canal*, 1 F. Supp. 3d at 528 (quoting *Sherwin-Williams*, 343 F.3d at 391); *State Farm Lloyds*, 2017 WL 8896192, at *5 (same). Second, as the Court sits in diversity, it must apply Texas Law. Thus, Plaintiff lacks clear incentive to forum shop. *See Falls Lake*, 2018 WL 9877954, at *8. Third, as detailed above, the Court finds the duty to indemnify nonjusticiable. Therefore, the Court will only determine Plaintiff's duty to defend, which requires application of the eight corners rule. The eight corners rule does not require the Court to decide "extrinsic fact questions," which precludes the Court from deciding whether Defendant Orta-Gonzalez was within the scope of his

employment. *See State Farms Lloyds*, 2017 WL 8896192, at *5.[3] For these reasons, the third *Trejo* factor supports retaining jurisdiction.

### 4. Do Possible Inequities in Allowing the Declaratory Plaintiff to Gain Precedence in Time or to Change Forum Exists?

The Court finds the fourth *Trejo* factor weighs against dismissal. Since the Court must apply Texas state law, inequality will likely not result from allowing Plaintiffs to maintain the Declaratory Action in federal court. *Falls Lake*, 2018 WL 9877954, at *8. Additionally, as discussed under factor three, addressing only the duty to defend, and not the duty to indemnify, prevents this Court from addressing any factual questions at issue in the Underlying Action. *See Canal*, 1 F. Supp. 3d at 529–31 (finding where a declaratory judgment on the duty to defend and an underlying action are not parallel, the interpretation of an insurance policy has no bearing on the underlying action). Therefore, the fourth *Trejo* factor supports retaining jurisdiction.

### 5. Is the Federal Court a Convenient Forum for the Parties and Witnesses?

The Court finds the fifth *Trejo* factor neutral towards dismissal. Defendant Ferrer brought the Underlying Action in Hildago County, Texas. (Doc. 5 at 7–9). Only Defendant Orta-Gonzalez resides in Hildago County. (Doc. 2 at 9). Defendant Ferrer resides in Denton County, and Defendant Ferrer's counsel works in San Antonio, Texas. (Docs. 5 at 2; 15 at 16). Plaintiff's counsel works in Houston, Texas. (Doc. 5 at 9). Given the parties and their counsel are spread across Texas, the Court finds the fifth *Trejo* factor, at best, neutral. *See State Farm Lloyds*, 2017 WL 8896192, at *6 (finding where parties in the underlying state action were spread across

---

3. Even if the Court finds the duty to indemnify justiciable, the Court still finds it unlikely Plaintiff engaged in improper forum shopping. Courts in the Western District have found "obtaining [early] determination[s] as to whether [an insurer] must defend and indemnify the Alleged insureds [to allow the insurer] to 'minimize the danger of avoidable loss and the unnecessary accrual of damages.'" *Canal*, 1 F. Supp. 3d at 529. Such determinations are filed in accordance with the "purpose of declaratory judgment actions." *Id.* (quoting *Sherwin-Williams*, 343 F.3d at 398 n.8).

Texas and only the duty to defend at issue that the convenience of the federal forum was at best neutral).

### 6. Does Retaining the Lawsuit in Federal Court Serve the Purposes of Judicial Economy?

The Court finds the sixth *Trejo* factor neutral towards dismissal. Defendant Ferrer contends that allowing both the Underlying Action and the Declaratory Action "to proceed is the epitome of permitting duplicative litigation." (Doc. 15 at 5). Plaintiff counters, arguing the Underlying Action alleges "personal injury and wrongful death claims" whereas the Declaratory Action only seeks to determine Plaintiff's duty to defend or indemnify. (Doc. 19 at 13). Since this Court finds the duty to indemnify unripe, the Declaratory Action will only determine Plaintiff's duty to defend Defendant Orta-Gonzalez in the Underlying Action. Allowing the state court to decide issues of fact before this Court determines the duty to indemnify, reduces the likelihood of duplicative litigation in state and federal court. *Canal*, 1 F. Supp. 3d at 532–33. At the same time, determining the duty to defend "does not relieve the state court of any of its burden;" therefore, in retaining jurisdiction, the Court "neither serve[s] nor harm[s]" the purposes of judicial economy. *Id.* For this reason, the Court finds the sixth *Trejo* factor neutral.

### 7. Is the Federal Court Being Called on to Construe a State Judicial Decree Involving the Same Parties and Entered by the Court Whom the Parallel State Suit Being the Same Parties Is Pending?

The Court finds the seventh *Trejo* factor weighs against dismissal. Plaintiff is not a party to the Underlying Action. The Declaratory Action is not parallel to the Underlying Action. The final *Trejo* factor, therefore, supports retaining jurisdiction.

The first, second, third, fourth, and seventh *Trejo* factors weigh against dismissal, and the fifth and sixth *Trejo* factors are neutral. Accordingly, the Court finds the *Trejo* analysis strongly favors retaining jurisdiction. The Court also finds retaining jurisdiction harmonious with the

*Brillhart* principles of federalism, fairness, and efficiency.[4] Therefore, the Court **RECOMMENDS** Defendant Ferrer's Motion to Dismiss be **DENIED** as to the Declaratory Action for a Duty to Defend.

### E.  Defendant's Claim for Failure to State a Claim Should Be Denied

#### a.  Legal Standard

When a defendant moves to dismiss under Rule 12(b)(6), the trial court must assess whether the complaint states a plausible claim for relief.  *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must first accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* (citing *Bass*, 669 F.3d at 506). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) *cert. denied*, 572 U.S. 1087, 134 S. Ct. 1935 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On the other hand, if the Complaint offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678)). The court should dismiss a complaint if the court can only infer the "mere possibility of misconduct," or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

4. The Court's discussion under *Trejo* factors one and seven demonstrate consideration of federalism. *See Canal*, 1 F. Supp. 3d at 533. The Court's discussion under factors two, three, and four demonstrate consideration of fairness. *Id.*  The Court's discussion under factors five and six demonstrate consideration of efficiency. *Id.*

### b. Analysis

Lastly, Defendant Ferrer moves to dismiss under Rule 12(b)(6) for failure to state a claim related to him. (Doc. 15 at 9). While Plaintiff's Declaratory Action may not state a claim specifically against Defendant Ferrer, Fifth Circuit precedent requires his joinder. The Fifth Circuit has long held that an "injured party, who is a plaintiff in state court litigation against an insured party, has a 'real and substantial, though not immediate' interest in a determination of whether the insurance company has a duty to [defend] or indemnify the insured, and … is a proper party to a declaratory judgment action." *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669, 673–74 (N.D. Tex. 2009) (citing *Central Surety & Ins. Corp. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939)). In fact, "the Fifth Circuit has gone so far as to hold that dismissal of a state court plaintiff from a declaratory judgment action would be plain error." *Id.* (citing *Standard Accident Ins. Co. v. Meadows*, 125 F.2d 422, 424 (5th Cir. 1942)). Accordingly, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED** as to failure to state a claim against Defendant Ferrer.

### III. RECOMMENDATION

Based on the above reasoning, the Magistrate Judge concludes:

- Plaintiff properly issued service and properly served Defendant Ferrer. Accordingly, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5) be **DISMISSED**.

- Defendant Ferrer did not meet his burden in proving WS Energy a required party to the Declaratory Action. Accordingly, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss pursuant to Rule 12(b)(7) be **DISMISSED**.

- The Court finds the question of Plaintiff's Duty to Indemnify Defendant Orta-Gonzalez

unripe. Accordingly, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss pursuant to Rule 12(b)(1) be **GRANTED**.

- The Court finds the question of Plaintiff's Duty to Defend Defendant Orta-Gonzalz ripe for adjudication. Accordingly, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss pursuant to Rule 12(b)(1) be **DISMISSED**.

- The Court finds Plaintiff properly stated a claim against Defendant Ferrer. Accordingly, the undersigned **RECOMMENDS** that Defendant Ferrer's Motion to Dismiss under Rule 12(b)(6) be **DISMISSED**.

It is so **ORDERED**.

SIGNED this 13th day of November, 2023.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.

Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).