IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **BERKLEY NATIONAL INSURANCE COMPANY,**<br>    *Plaintiff*, | § § § § § § § § § § § | P:23-CV-00003-DC |
| v. | | |
| **JUAN CARLOS ORTA-GONZALEZ, FRANCISCO ALBERT FERRER,**<br>    *Defendants.* | | |

## ORDER

In the early morning hours of November 19, 2022, Defendant Juan Carlos Orta-Gonzalez, an employee of WS Energy Services, was part of a multi-vehicle accident, which tragically resulted in the deaths of Defendant Franciso Ferrer's wife and wife's two children. At the time of the accident, Orta-Gonzalez was driving his work vehicle, which was owned and insured by WS Energy through an insurance policy ("Insurance Policy") provided by Plaintiff Berkley National Insurance Company.

Berkley sued Orta-Gonzalez in this Court on January 6, 2023, seeking a declaratory judgment that it has no duty to defend or indemnify Orta-Gonzalez under the Insurance Policy. A few days later, Ferrer sued Orta-Gonzalez in state court, claiming negligence and vicarious liability. In March 2023, Berkley added Ferrer to the declaratory action in this Court. Ferrer has now moved to dismiss Berkley's declaratory action, contending Berkley purposefully failed to join an indispensable party—WS Energy—and contesting the ripeness of Berkley's duty to defend and indemnify Orta-Gonzalez under the Insurance Policy.

The United States Magistrate Judge's Report and Recommendation ("R&R") concluded that Berkley did not fail to add an indispensable party and that the question of Berkley's duty to defend Orta-Gonzalez was ripe for adjudication. The R&R did, however, find that the question of Berkley's duty to indemnify was not yet ripe, thus granting Ferrer's motion to dismiss on that issue. Both parties have objected to the R&R, with Berkley objecting to the R&R's findings on its duty to indemnify, and Ferrer objecting to the parts of the R&R's conclusions that denied his motion to dismiss. After considering the entire record and conducting a de novo review, the Court **OVERRULES** Berkley's and Ferrer's objections and **ADOPTS** the R&R.

## LEGAL STANDARD

### I. Objecting to a Magistrate Judge's report and recommendation.

A party may object to a Magistrate Judge's report and recommendations by filing written objections within 14 days after being served with a copy of the report and recommendations.[1] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[2] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[3]

---

[1] 28 U.S.C. § 636(b)(1).
[2] *Id.*
[3] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

## II. Motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

Because federal courts are courts of limited jurisdiction, they possess only the power authorized by the Constitution and federal statutes.[4] Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the trial court's subject matter jurisdiction to hear a case.[5]

Lack of subject matter jurisdiction may be found in any of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[6] "[A]ll uncontroverted allegations in the complaint must be accepted as true."[7] "Thus, unlike a motion to dismiss under [Federal] Rule 12(b)(6), when examining a motion to dismiss for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1), the district court is entitled to consider disputed facts as well as undisputed facts in the record."[8]

The burden of proof for a Federal Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[9] Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."[10]

## III. Motion to dismiss for failure to join a party under Rule 12(b)(7).

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal of an action for "failure to join a party under Rule 19." Rule 19 "provides for the joinder of all

---

[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[6] *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).
[7] *Taylor v. Dam*, 244 F. Supp. 2d 747, 752 (S.D. Tex. 2003) (citations omitted).
[8] *Id.* (citations omitted).
[9] *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)); *Taylor*, 244 F. Supp. 2d at 752.
[10] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

parties whose presence is required for the fair and complete resolution of the dispute at issue."[11] To decide a Rule 19 challenge, the court applies a two-step inquiry.[12] "First, the court determines whether an absent party should be joined to the lawsuit under Rule 19(a)."[13] "The party advocating joinder has the initial burden of demonstrating that an absent party is required."[14] Second, "[i]f the court determines that an absent party is required under Rule 19(a) but cannot be joined, the court turns to Rule 19(b) to determine that 'in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'"[15] As with a Rule 12(b)(6) motion, "the court accepts the allegations in the complaint as true."[16]

## Discussion

Ferrer objects to the R&R's conclusion that (1) Berkley did not fail to join an indispensable party, (2) this Court has diversity jurisdiction over this case, and (3) Berkley has adequately stated a claim against him.[17] In contrast, Berkley objects only to the R&R's conclusion that the question on Berkley's duty to indemnify Orta-Gonzalez is not ripe. The Court handles each objection in turn, starting with Ferrer's objections.

---

[11] *Broad. Music, Inc. v. Armstrong*, No. EP-13-CV-0032-KC, 2013 WL 3874082, *6 (W.D. Tex. July 24, 2013).
[12] *Id.* (quoting *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).
[13] *Id.*
[14] *Id.*
[15] *Id.* (quoting Fed. R. Civ. P. 19(b)).
[16] *Id.*
[17] Doc. 31. The Court notes that Ferrer does not object to the R&R's conclusion that his motion based on insufficient process and service and failure to state a claim should be denied. Ferrer listed his objections to the ripeness questions under a failure to state claim heading, but ripeness is a jurisdictional question. Thus, after reviewing the R&R's analysis on those issue, the Court finds them neither clearly erroneous nor contrary to law. Accordingly, the Court will adopt the R&R's recommendation to deny Ferrer's arguments under Rule 12(b)(4)–(6).

**I.     Failure to join an indispensable party under Rule 19.**

Ferrer's main issue is that Orta-Gonzalez's employer, WS Energy, is a necessary party to this action.[18] The R&R disagreed, finding that WS Energy is not a necessary party to this litigation.[19] And there is a significant volume of case law to support the R&R's reasoning.

For example, the R&R cites the *Evanston Insurance Company* decision from the Southern District of Texas.[20] There, the question was whether an insurance company who sued another insurance company for declaratory judgment on their duty to defend a subcontractor in state court was required under Rule 19 to add the subcontractor to the suit.[21] The *Evanston* court ruled that it was not, reasoning that because the "[insurer's] suit seeks only a declaratory judgment regarding the duties of [the other insurer], the absence of [the subcontractor] does not prevent the Court from providing that relief."[22]

What's more, the *Evanston* court's reasoning also aligns with various cases from different circuits over the years that have held an insured is not an indispensable party when the insurer merely seeks a declaration that the insurance policy did not cover the at-the-time driver in an automobile accident.[23] And much like those cases, Berkley's request for

---

[18] Doc. 31. The Court is aware that much of Ferrer's objections appear to be a copy and paste from his motion to dismiss. Objections that simply rehash or mirror the underlying claims addressed in the report are not entitled to de novo review. *See*, *e.g.*, *Schwarzer v. Squyres*, No. 6:22-CV-89-JDK-JDL, 2022 WL 1025947 (E.D. Tex. Apr. 6, 2022), *aff'd*, No. 22-40256, 2023 WL 316369 (5th Cir. Jan. 19, 2023)
[19] Doc. 28 at 7–9.
[20] *Evanston Ins. Co. v. Kinsale Ins. Co.*, No. 7:17-CV-327, 2018 WL 4103031 (S.D. Tex. July 12, 2018).
[21] *Id.* at *1.
[22] *Id.* at *7 (citing *Fed. Ins. Co. v. Singing River Health Sys.*, No. 1:15CV236-LG-RHW, 2015 WL 6454873. *7–8 (S.D. Miss. Oct. 26, 2015), *aff'd*, 850 F.3d 187 (5th Cir. 2017)).
[23] *See*, *e.g.*, *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, *4 (W.D. Okla. 1978) (reasoning that all the parties whose rights and liabilities are to be determined—the insurer and the drivers—were present in the lawsuit. Therefore, the insured was not an indispensable party under Rule 19); *St. Paul Fire & Marine Ins. Co. v. Lee*, No. 607CV756ORL22JGG, 2007 WL 9723107 (M.D. Fla. May 10, 2007) (holding that the question of whether drivers involved in an automobile accident are covered or not by the insurers' policies can be fully adjudicated without the presence of the insured).

declaratory judgment reaches only its duties to Orta-Gonzalez under the Insurance Policy, making WS Energy's inclusion unnecessary.[24] Accordingly, based on the facts presented here, the Court overrules Ferrer's objection and adopts the R&R on this issue.

## II. Subject matter jurisdiction.

Because the Court agrees that WS Energy is not an indispensable party, there is still complete diversity between the Parties. As a result, the Court adopts the R&R's conclusion that Ferrer's motion to dismiss based on lack of diversity jurisdiction should be denied.

Next under subject matter jurisdiction is the question of the ripeness of Berkley's duty to defend and indemnify Orta-Gonzalez.[25] Under the ripeness doctrine, "'[a] case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.'"[26] As laid out by the Fifth Circuit in *Orix Credit Alliance*, a federal district court must determine three things when deciding whether to dismiss a declaratory judgment suit: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action.[27] The main question here is whether Berkley's duties to defend and indemnify Orta-Gonzalez are justiciable.

The Fifth Circuit recently explained the contrast between these two duties under Texas law:

---

[24] This order should not, however, constitute res judicata on the question of whether Orta-Gonzalez was in the course and scope of his employment.
[25] Docs. 30 at 3, 31.
[26] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987)).
[27] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

6

> Under Texas law, an insurer may have two responsibilities relating to coverage— the duty to defend and the duty to indemnify. These two duties are distinct, and the duty to defend is generally broader than the duty to indemnify. This is because '[a]n insurer must defend its insured if a plaintiff's factual allegations *potentially* support a covered claim, while the facts *actually established* in the underlying suit determine whether the insurer must indemnify its insured.[28]

The highlighted difference between the two shows why a duty to defend is a justiciable question at this stage and why a duty to indemnify is not. For example, for an insurer's duty to defend, Texas courts use the "eight corners rule," which means the court should look at the "four corners" of the plaintiff's complaint and the "four corners" of the insurance policy.[29] So determining whether an insurer has a duty to defend does not require any evidence from or development of the underlying state action.

In contrast, "the facts *actually established* in the underlying suit determine whether the insurer must indemnify its insured."[30] Thus, any decision before the facts are established in the underlying state court's action logically encroaches on that court's merits decision. The Court therefore overrules the Parties' objections on these issues and adopts the R&R on this point.[31]

## CONCLUSION

It is therefore **ORDERED** that the Court **ADOPTS** the R&R in full, **GRANTING** in part and **DENYING** in part Ferrer's Motion to Dismiss. (Doc. 15).

---

[28] *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 528 (5th Cir. 2023) (internal citations omitted) (emphasis in original).
[29] *State Farms Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020); *see also Columbia Cas. Co. v. Ga. & Fa. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir.2008) (reasoning that the "duty to indemnify is triggered by the actual facts that establish liability in the underlying lawsuit") (internal quotation marks and citations omitted).
[30] *Liberty Mut. Fire Ins. Co.*, 75 F.4th at 528 (emphasis in original).
[31] It would also be important to note that this Court is not deciding here whether Berkly has a duty to defend Orta-Gonzalez in the State Court Action. Rather, this Court merely holds that such a question is ripe for adjudication.

It is also **ORDERED** that Ferrer's Motion to Dismiss under Rules 12(b)(4), 12(b)(5), 12(b)6), and 12(b)(7) be **DENIED**.

It is also **ORDERED** that Ferrer's Motion to Dismiss as to Berkley's Duty to Defend under Rule 12(b)(1) be **DENIED**.

It is also **ORDERED** that Ferrer's Motion to Dismiss as to Berkley's Duty to Indemnify under Rule 12(b)(1) be **GRANTED**.

It is so **ORDERED**.

SIGNED this 13th day of January, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE